# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **BILLY BAGBY and JUSTIN MARK,** Individually, and on behalf of all others similarly situated, § § § | **CIVIL ACTION NO. 4:17-cv-02223** |
| *Plaintiffs,* § | **JURY TRIAL DEMANDED** |
| v. § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S. § 216(b)** |
| **MIDWAY OILFIELD CONSTRUCTORS, INC. D/B/A MIDWAY ENERGY SERVICES,** § § § | **CLASS ACTION PURSUANT TO FED. R. P. 23** |
| *Defendant.* § | |

## DEFENDANT'S RULE OF CIVIL PROCEDURE 41(b) MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Pursuant to Federal Rule of Civil Procedure 41(b), Defendant MIDWAY OILFIELD CONSTRUCTORS, INC. D/B/A MIDWAY ENERGY SERVICES ("Midway") files this Motion to Dismiss the Complaint filed by Plaintiffs Billy Bagby and Justin Mark (collective, "Plaintiffs"), and, in support thereof, would respectfully show the Court the following:

### I.   INTRODUCTION

This Fair Labor Standards Act ("FLSA") matter was stayed in its entirety and administratively closed over twenty-one (21) months ago after Midway filed for Chapter 11 bankruptcy. Since that time, Midway has ceased operating and the bankruptcy court has approved a Chapter 11 Bankruptcy Plan ("Bankruptcy Plan"), which is now effective. The Bankruptcy Plan requires that all pending lawsuits and litigations against Midway be dismissed with prejudice. Pursuant to the Bankruptcy Plan, Midway respectfully requests that the Court dismiss this case in its entirety.

## II. FACTUAL BACKGROUND

On July 19, 2017, Plaintiffs filed their Original Complaint against Midway asserting violations under the FLSA.[1] Midway timely answered,[2] and it actively defended this matter.

Unfortunately, on August 15, 2018, Midway filed a voluntary petition for bankruptcy relief under Chapter 11.[3] On August 31, 2018, this Court entered an order staying this litigation due to the bankruptcy.[4]

About a year later, on September 19, 2019, this Court entered another Order administratively closing this matter.[5] This Court instructed that "the parties may move to reinstate the case on the Court's active docket at such time in the future as deemed appropriate."[6]

Midway has ceased operating as a result of its bankruptcy. Midway submitted the Bankruptcy Plan to the bankruptcy court for approval on December 17, 2019.[7] The bankruptcy court approved the Bankruptcy Plan on March 3, 2020,[8] and it went into effect on April 1, 2020.[9]

The Bankruptcy Plan requires that all pending litigation be dismissed with prejudice.[10] Specifically, the Bankruptcy Plan states:

> "On the Effective Date, all lawsuits, litigations, administrative actions or other proceedings, judicial or administrative, in connection with the assertion of Claims against Midway . . . shall be dismissed as to Midway. . . . Such dismissal shall be with prejudice to the assertion of such Claim in any manner other than as prescribed by the Plan. . . . **All parties to any such action shall be enjoined by the Bankruptcy Court by the Confirmation Order from taking any action to impede the immediate and unconditional dismissal of such actions**."[11]

---

[1] Pls.' Original Compl., Dkt. No. 1.
[2] Def.'s Answer, Dkt. No. 10.
[3] *See* Suggestion of Bankruptcy, Dkt. No. 24.
[4] Order, Dkt. No. 25.
[5] Order, Dkt. No. 26.
[6] *Id.*
[7] *See* Ex. A, Second Amended Chapter 11 Plan.
[8] *See* Ex. B, Order.
[9] *See* Ex. C, Notice of Occurrence of Plan Effective Date.
[10] *See* Ex. A, Second Amended Chapter 11 Plan, at Section 12.9.
[11] *Id.* (emphasis in original).

To date, Plaintiffs have not taken any action in this matter since it was stayed over twenty-one (21) months ago.

### III.   ARGUMENTS & AUTHORITIES

**A.   Federal Rule of Civil Procedure 41(b) Standard**

A motion for involuntary dismissal is governed by Federal Rule of Civil Procedure 41(b). Rule 41(b) empowers a district court to dismiss an action for a plaintiff's failure "to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). Dismissal under Federal Rule of Civil Procedure 41(b) may be upon motion of the defendant or *sua sponte*. *Palma v. Texas*, 2019 WL 2524933, No. H-18-4561, at *1 (S.D. Tex. April 3, 2019); *see also Clewis v. Medco Health Sols., Inc.*, No. 3:12–CV–5208–L, 2014 WL 840026, at * 3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished). The court's authority is derived from the court's inherent power to manage its own docket "to ensure the orderly and expeditious disposition of cases." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

**B.   Dismissal is Warranted Pursuant to the Bankruptcy Plan**

Dismissal of Plaintiffs' claims against Midway in this matter is required under the Bankruptcy Plan, which was approved by, and therefore became an order of, the bankruptcy court. To date, Plaintiffs have failed to voluntarily dismiss this matter, necessitating this Motion from Midway.

In addition, and in the alternative, Plaintiffs have taken no action to pursue the prosecution of this matter since the stay entered by this Court and the effective date of the Bankruptcy Plan. Neither has Midway's counsel heard from Plaintiffs' counsel about this matter since that time. It appears that Plaintiffs have wholly abandoned this matter.

## IV.  PRAYER

Based on the foregoing, Defendant MIDWAY OILFIELD CONSTRUCTORS, INC. D/B/A MIDWAY ENERGY SERVICES prays the Court grant this Motion to Dismiss and order that all of Plaintiff's claims against it be dismissed with prejudice.  The Defendant also prays that the Court grant such other and further relief to which it is justly entitled.

Respectfully submitted,

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
crejdaponce@germer.com
**GERMER PLLC**
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

COUNSEL FOR DEFENDANT,
MIDWAY OILFIELD CONSTRUCTORS, INC.
D/B/A MIDWAY ENERGY SERVICES

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2020, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.

**Carmen Jo Rejda-Ponce**